### PEOPLE ex rel. WINGATE v. BOARD OF SUP'RS OF SCHENECTADY COUNTY.

(Supreme Court, Special Term, Schenectady County. March, 1913.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 59*)—DISTRICT SUPERINTENDENT—INCREASE OF SALARY—VALIDITY OF PROCEEDINGS.

   Where the supervisors of the five towns in a supervisory district, comprising only part of a county, adopted and severally signed a resolution that a certain sum should be paid to the district superintendent of schools in addition to his annual salary, such resolution was in substantial compliance with the requirements of Educational Law (Consol. Laws 1910, c. 16) § 389, though the five supervisors, who did not constitute the entire board of the county, did not formally organize and put the resolution to a vote.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 143, 144; Dec. Dig. § 59.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 59*)—SALARY OF SUPERINTENDENT—CERTIFICATE.

   A resolution signed by each supervisor of the supervisory district, and filed with the clerk of the board of supervisors, was a certificate sufficient to comply with the requirements of Educational Law (Consol. Laws 1910, c. 16) § 389, subd. 2, as amended in 1910 (Laws 1910, c. 607), providing that a certificate shall be filed with the clerk of the board of

supervisors showing the amount of increase of the salaries to be paid a district superintendent.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 143, 144; Dec. Dig. § 59.*]

Application by the People, on relation of James Wingate, against the Board of Supervisors of Schenectady County, for a peremptory writ of mandamus. Application granted.

A. J. Dillingham, of Schenectady, for relator.

James C. Cooper, of Schenectady (John D. Miller, of Schenectady, of counsel), for Board of Sup'rs.

VAN KIRK, J. This is an application for a peremptory writ of mandamus directing the board of supervisors within a reasonable time to convene and levy the sum of $400 against the towns of Duanesburg, Glenville, Niskayuna, Princetown, and Rotterdam, Schenectady county, composing the supervisory district in question, in such manner as other charges against towns are equitably made between them, as provided by a resolution of the supervisors of the said towns, dated December 29, 1911.

The petition shows that the petitioner was duly appointed district superintendent of schools for said district. The term of his office began on the 1st day of January, 1912, and expires on the 1st day of August, 1916. Under section 389 of the Education Law (Consol. Laws 1910, c. 16) the supervisors of said towns had the right to adopt a resolution to increase his salary. On the 29th day of December, 1911, the supervisors adopted a resolution as follows:

"Resolved, that there shall be paid to the district superintendent of schools in and for the sole supervisory district of the county of Schenectady the annual sum of four hundred ($400.00) dollars in addition to the annual salary paid to such superintendent by the state as provided in section 389 of the Education Law, as amended by chapter 607 of the Laws of 1910, which additional amount shall be paid by the county treasurer in the same manner as other charges against the county are paid.

"Dec. 29, 1912."

—and severally signed it. This resolution was filed with the clerk of the board of supervisors of Schenectady county on said date, and a duplicate thereof was filed with the county treasurer of Schenectady county. The petitioner, on or about December, 1912, called the attention of the officers of the board of supervisors to the resolution and requested the board to take proper action as required by law; that said board failed and refused to do so; that said annual salary is due and payable; and in conclusion the petitioner asks for a peremptory writ as aforesaid.

In addition to the petition the relator presents the affidavit of Thomas W. Winne, which shows that the proposed resolution above set forth was presented to the assembled supervisors of said district; that they discussed the resolution and all approved and consented thereto. A few days later, on the 29th day of December, the above resolution was presented to the said supervisors assembled before the regular

meeting of the board, and all signed the resolution, and the resolution was thereupon handed to the clerk of the board. The affidavit of Elwin J. Haskins corroborates this generally. Defendant's two affidavits do not controvert any material fact above stated. The application may be disposed of as an application for a peremptory writ of mandamus, and not as an alternative writ.

Section 389, subd. 2, of the Education Law, as amended in 1910, is as follows:

"The supervisors of the towns composing any supervisory district may by adopting a resolution by a majority vote increase the salary to be paid by such district to its district superintendent. Such supervisors must thereupon file with the clerk of the board of supervisors a certificate showing the amount of such increase. The board of supervisors of each county shall levy such amount annually by tax on the towns composing such supervisory district within the county."

The only question raised by defendants on the argument is whether or not said section 389 has been complied with in respect to increasing the salary of the relator. There is no provision of the statute for organizing the part of the board of supervisors in a supervisory district, when, as in this case, it is less than a county. There is no provision for calling these supervisors together in a body. In the county of Schenectady the chairman of the board was not a supervisor from the supervisory district in question. It is undisputed that a few days before the resolution was signed, when the said five supervisors were together, the proposed resolution was presented to them and discussed. Without offering any formal resolution, all gave their assent to it. A few days later, and immediately before the assembling of the entire board in a formal meeting, the resolution was presented to the said five supervisors who had before discussed it and assented to it, and each signed the resolution. The resolution was then filed with the clerk of the board, and a duplicate copy was filed with the county treasurer of Schenectady county.

Was this resolution so approved by the said five supervisors and afterwards signed by them a sufficient resolution to comply with the statute, and was the filing of the resolution so signed a sufficient certificate showing the amount of such increase?

[1] The said five members do not constitute the board of supervisors of Schenectady county. There is nothing to indicate that the statute contemplated that this resolution should be passed in a regular meeting of the board. The supervisors outside of the supervisory district are not interested. The chairman of the board of supervisors is not a member of this supervisory district, and a resolution passed by the board of supervisors as a whole would not comply with the statute. No directions are given in the statute for organizing the members of the supervisory district into a body, or for the selection of officers, and the supervisors are a body of limited jurisdiction, having only authority to do that which the statute authorizes. A separate action of the several supervisors of the supervisory district, unassembled, could not amount to a resolution. The signing of the proposed resolution at their respective homes, without consultation, would certainly not be a compliance with the statute. The members should meet together, and

an opportunity be had for discussion, and for each to hear the views of others.

In this case each of these necessities has been complied with. After such discussion in the presence of the five, the resolution was assented to. The fact that the five supervisors, without authority, had chosen a chairman, and a resolution had been offered, seconded, and put to vote, would not have accomplished more in reality, or legality, than was accomplished by the acts of those five members in reference to this resolution. That each one approved it is certainly as definitely shown by the fact that they signed it individually as if the minutes of a meeting unauthorized by the statute, and the minutes unauthorized, had recited that the resolution had been duly and regularly presented, seconded, and passed. If these five members had attempted to organize and elect a chairman and a secretary, the acts of those officers would have been without statutory authority. While I appreciate the importance of requiring that a resolution for the purpose of raising money by taxation should have due consideration, and that each party called upon to act should have opportunity to be heard, and while loose practice in the matter of raising funds by taxation should not be approved by the court, I think the acts of the supervisors upon this occasion were a substantial compliance with the statute. Indeed, it is difficult to conceive any better procedure to comply with this meager statute. One supervisor of the supervisory district has presented an affidavit in which he said in substance that he did not know, at the time he signed this resolution, that there was a provision for expenses for the district superintendent; but he had opportunity to be informed upon this matter, and without his act a majority of the supervisors of the supervisory district have approved the resolution.

[2] The resolution itself, signed by each supervisor of the supervisory district, filed with the clerk, is a sufficient certificate showing the amount of such increase. No certificate could have given more information than the resolution itself. The statute commands the supervisors of the supervisory district to file the certificate. Apparently the certificate must be signed by all the supervisors. I think this provision of the statute was also substantially complied with.

The relator is entitled to his peremptory writ of mandamus.

Application granted.